UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA :
: 1:09-CR-00186
:
: **OPINION & ORDER**
:
v. :
:
:
VIRDELL HICKS :
:
:
:

This matter is before the Court on Virdell Hicks' pro se Motion to Amend Judgment (doc. 37), his memorandum in support (doc. 41), the Government's response in opposition (doc. 40), and Mr. Hicks' reply in support thereof (doc. 42). For the following reasons, the Court DENIES Mr. Hicks' motion.

On August 9, 2010, Mr. Hicks was sentenced in the Eastern District of Kentucky to thirty months of imprisonment for the impersonation of a United States officer after he pleaded guilty to impersonating an officer in an attempt to secure the release of his co-conspirators in a counterfeit check-cashing scheme (doc. 37). That sentence was to be run consecutive to any undischarged term of imprisonment, as the sentencing judge recognized that Mr. Hicks had a pending sentence here in this Court on the counterfeiting.

Mr. Hicks was sentenced to forty-one months of imprisonment by this Court on December 9, 2010 for one count of conspiracy to defraud the United States and one count of fictitious obligations intended to defraud. The counts were to be served concurrently to each other but consecutive to the sentence imposed by the Eastern District of Kentucky (doc. 31). Nearly three years later, Mr. Hicks moves the Court to amend its judgment to allow him to serve the two sentences concurrently.

As an initial matter, the Court would like to congratulate Mr. Hicks on what appears to be his productive use of his term of imprisonment. One of the primary goals of sentencing is rehabilitation, and it seems that Mr. Hicks has taken that seriously, as, for example, he has participated in a lengthy drug abuse program, has repeatedly expressed his remorse for his conduct, and has maintained a position as a barber, a career choice he intends to pursue upon his release.

Unfortunately for Mr. Hicks, the Court cannot grant his motion. First, as the Government noted, the Court has no jurisdiction to do so. Once a sentence is imposed, the sentencing court has no power to alter, amend or modify the sentence except under certain limited circumstances, none of which is present here. For example, Rule 35(a) of the Federal Rules of Criminal Procedure allows a court to correct a sentence that resulted from

arithmetical, technical or clear error. Fed. R. Crim. P. 35(a). Mr. Hicks alleges none of these, and even if he did, the fourteen days he had to do so under the rule have long, long since passed. Rule 35(b) allows for the sentencing court to reduce a sentence beyond those fourteen days, but only on motion of the government, a scenario not present here. Thus, even if the Court were of a mind to grant Mr. Hicks' motion, it has no authority to do so.

Further, the Court notes that Mr. Hicks is moving the Court to amend his sentence pursuant to Sentencing Guideline 5G1.3(b). Mr. Hicks, however, has not satisfied the requirements of that guideline, so even if the Court had the power to grant his motion, it would not do so. Specifically, as the application notes explain, Guideline 5G1.3(b) applies in cases in which all of the prior offense (i) is relevant conduct to the current offense and (ii) has resulted in an increase in the offense level for the current offense. Even if it were determined that all of Mr. Hicks' Eastern District of Kentucky offense was relevant conduct to the conspiracy and fictitious obligations offenses he pleaded to here, Mr. Hicks cannot meet the second prong of the guideline because his Kentucky offense did not increase his offense level in the case before this Court. The Court has reviewed its calculations of Mr. Hicks' offense level, and the Kentucky offense was not used to calculate that level at all. Mr. Hicks appears to argue that it

was used, in that it affected his criminal history category. There are two flaws with that argument. First, it is irrelevant: 5G1.3(b) speaks to offense level, not to criminal history category. Those are two distinct determinations in the sentencing process under the Guidelines, and Mr. Hicks appears to have conflated them. Second, even if his Kentucky conviction were taken out of the criminal history calculation, his criminal history category would not change: because of his extremely lengthy criminal record, he would still fall into a criminal history category VI because he would have a criminal history number of 22, well above the 13 required for category VI. Thus, his Eastern District of Kentucky conviction had no impact whatsoever on either his offense level—which is the only relevant question under a 5G1.3(b) analysis—or on his criminal history category.

For the foregoing reasons, Mr. Hicks' motion is DENIED.

SO ORDERED.

Dated: May 23, 2013    s/S. Arthur Spiegel_____
                       S. Arthur Spiegel
                       United States Senior District Judge